HARVEY L. BODURTHA & another *vs.* ALONZO E. GOODRICH.

A judgment in this state, against two defendants, one of whom is an inhabitant of another state, and was not served with process, nor his property attached, and who did not author ize any appearance in his behalf, may be reversed, as to him, by writ of error, although the record states that, at the term at which the action was entered, "the defendants came by their attorney."

WRIT OF ERROR to reverse a judgment of the court of common pleas in favor of Goodrich, in an action of contract brought by him against Bodurtha and Davis. The errors assigned were these: 1st. "That the said Bodurtha was not served with any process, nor had any notice of the original action, nor appeared thereto, nor authorized any person to appear for him." 2d. "That said Bodurtha was not at the time of issuing said process, nor has he since been, an inhabitant of this commonwealth, nor was any of his property attached, nor any order of notice issued, nor was he notified in any manner of the issuing of said process, or the pending thereof, nor did he authorize any agent or attorney to appear on his behalf in said action." Plea, *in nullo est erratum.*

The officer's return on the writ in the original action, after setting forth service on Davis, concluded thus: "I did not

summon the within named Harvey L. Bodurtha, as he has no last and usual place of abode within my precinct." The record of the original action described Bodurtha as " of Hudson in the State of New York," and, after setting forth the writ, proceeds as follows : " This action was entered at February term last, at which term the plaintiff appeared in court, by his attorneys Rockwell and Colt, Esquires, and the defendants came also, by their attorney H. Hubbard, Esquire, and had leave to file an account in set-off by middle of vacation, and this action was from thence continued by consent to this term. And now in this term, before the court here, comes the plaintiff, by his said attorneys, and the defendants, although solemnly called to come into court, come not, but make default of appearance here. It is therefore considered by the court here that the said Goodrich do recover against the said Bodurtha and Davis," &c.

The parties agreed that Hubbard would testify, if his evidence would be competent, according to the following certificate :

" This certifies that I was employed by said Davis to appear for him, and move a set-off, and have said action continued. I accordingly appeared, &c. for him, and had no communication with, or authority from, any other person to appear in said action. And my impression and belief is that the set-off was of said Davis's account or demand against said Goodrich.

" H. Hubbard."

*P. L. Page & J. S. Page,* for the plaintiffs in error.

*J. D. Colt,* for the defendant in error.

SHAW, C. J. The matter of fact assigned for error is, that Bodurtha was not served with process, and did not appear, nor authorize any one to appear in his behalf, and was not brought within the jurisdiction of the court. This, if true, and apparent on the record, is good ground for a writ of error ; for if the court had no jurisdiction over him, no judgment rendered could have any binding effect, but would be void against him.

The first answer of the defendant in error to this, and a plausible one certainly, is, that the remedy is by writ of review, under Rev. Sts. *c.* 92, §§ 3–5 ; *c.* 99, §§ 18, 19. But the objection

goes deeper than the service and the mere want of notice, and is, that the court has no jurisdiction. The ground of the plaintiff in error is, not that he had a good defence, which he might have made, if he had had notice; but that he was not amenable to the jurisdiction of the court, and not bound to make any defence. If he should come in and petition for a review, or sue out a writ of review as of right, he would thereby submit himself to the jurisdiction of the court, and be obliged, upon his review, if granted, to meet the trial on the merits, which he says he was not bound to do.

The question then recurs whether, upon the record as it stands, including the officer's return, the plaintiff in error is entitled to have this judgment reversed. It appearing that the plaintiff was an inhabitant of another state, and was never in any form served with process, or summoned to answer, it is clear that, if this stood alone, the court had no jurisdiction of the person of the defendant, and the judgment against him was erroneous. But the defendant in error (then plaintiff) says, that in another part of the record it is stated that this defendant did appear by his attorney. We will not now stop to discuss the question, whether, where there has been no service of process of any kind, formal or informal, a defendant can give a court jurisdiction by appearance. Had the defendant appeared personally, or were it proved that the attorney, who was stated to have appeared for the defendants, was duly empowered so to appear, that question would be pertinent.

But there is another question here, and that is, whether the defendant is conclusively bound by the entry of the name of an attorney on the docket, purporting to be an appearance for him although it is true, and susceptible of proof, that such entry was made by the accident or mistake of the attorney, or that, through some false and fraudulent representation made to the attorney, or other cause, in fact the attorney was never authorized to enter such appearance. It would certainly be very strange if an inhabitant of another state could thus be bound by a judgment, given and recorded by a court having no jurisdiction without any act or default of such party.

The ground taken by the defendant in error is, that the record is conclusive of all the facts stated in it, and that in a writ of error, although the plaintiff in error is permitted to assign errors in fact, yet it is with this limitation, that no fact is assignable for error, which contradicts the record. This, as a general rule, is true. But where a record is relied on as an estoppel, the effect of which is, to shut out the truth, it must be construed with great strictness, both as to the matter contained in the record, and the authority of the court in the particular case to make such record. Now, as to the facts supposed to be contained in these records, the statement is, that " the defendants came also, by their attorney, H. Hubbard, Esquire." But the most which, in the nature of the case, the court could state as a fact occurring before them was, that Hubbard appeared, professing to act as attorney for the defendants. But it is not directly asserted that Hubbard was authorized by this defendant to appear for him; and yet, where the court have not otherwise obtained jurisdiction of the cause and of the person of the defendant, the authority of an attorney to appear and answer for him is a fact essential to such jurisdiction. We think, therefore, that where it appears, as in the present case, that the defendant was an inhabitant of another state, that no property of his was attached, by trustee process or otherwise, and that he was not served with process, and the only ground to sustain the jurisdiction is, that he appeared by attorney, it is competent for the plaintiff in error to aver and prove, that such attorney was never authorized to appear for him, and thereby give the court jurisdiction. And even had the record gone further, and stated that such attorney was duly authorized and did appear, still it would be open to the plaintiff in error to aver and prove facts tending to show that the court had no jurisdiction of the cause, and therefore that they could make no record, binding upon him, being a stranger, and such record would not be conclusive. It would be reasoning in a circle, and inconclusive, to say, that the court had jurisdiction because it was shown by their record that the defendant appeared by attorney; and that they had authority to make such record, binding upon him, because they had jurisdiction.

If then it was competent for the plaintiff in error, in the actual state of this record, to aver and prove the fact, that the attorney had no authority to appear; and such fact, if true, would show that the court had no jurisdiction, and that the judgment was erroneous; then such fact was assignable for error, and the defendant in error should have traversed the fact and put it in issue, instead of pleading *in nullo est erratum,* which is in the nature of

demurrer, and admits the facts assigned, and relies solely on the matters of law shown by the record. The plaintiff in error did in his assignment of errors allege, that he was not served with process in the original action, nor appear, nor authorize any one to appear for him. It appears to us, therefore, that this was a fact assignable as an error in fact, which, if true, would prove the judgment to be erroneous.

When it is alleged as a rule of law, that no fact is assignable for error, which contradicts the record, as in the case of *Riley* v. *Waugh,* 8 Cush. 222, it must be construed to mean a record binding upon him as party or privy, the record of a judgment conclusive upon him or his rights. But by the fact assigned for error, he proposed to aver and prove a fact, which if true, shows that the record was not binding on him. This fact therefore was assignable for error within the rule, and being well pleaded, is admitted by the defendant in error, by pleading *in nullo est erratum.*

Had this plea been made through inadvertence, perhaps it might be a proper case for a motion for leave to withdraw the plea, and traverse the matter of fact; but if the record is not an estoppel, and looking beyond these pleadings to the evidence which has been laid before us, the proof is plenary, from Mr. Hubbard himself, that he was not authorized to appear for this defendant, and that the entry of his appearance for the defendants generally, was made by mistake either of the clerk or himself. *Judgment reversed as to Bodurtha.*